No. 3064. Burnett v. Crawford, November Term, 1892. This was a motion by defendants, appellants, to suspend the appeal and permit defendants to make a motion in the Circuit Court for a new trial, on the ground of after discovered evidence. This action was for partition of lands of James Gauldin, and the decree, from which the appeal was taken, directed the partition to be made. The affidavits accompanying the motion showed that John Gauldin and Charles B. Gauldin were executors of James Gauldin, and that John Gauldin was dead, and Charles W. Gauldin was his executor; that Charles W. had made diligent search, before the trial, among the papers of John Gauldin, but did not find, until after this appeal had been taken, two receipts, signed by plaintiff, acknowledging full payment "of all demands against the estate of James Gauldin, both real and personal;" that said two receipts were found, by a daughter of John Gauldin, in a drawer to a chest in the back piazza of Charles W. Gauldin's dwelling house, said chest being used exclusively for garden seeds and tools.

On the 30th day of November, 1892, the first day of the call of the Eighth Circuit docket, the case being on docket, the motion was made by defendants' attorney, Mr. DeBruhl. Mr. E. G. Graydon, counsel for plaintiff, respondent, objected to the hearing of the motion at this time, on the ground that this is not the proper time therefor; that the notice was given during the present term, and stated that the motion would be made "on the first day of the next term," and was served on the 22d day of November, 1892, the first day of the present term. Counsel for defendants stated that he intended, by the words, "on the first day of the next term," the first day of the term for the call of the docket of the Eighth Circuit.

The court orally decided, as to this objection by the plaintiff's counsel, that the notice, though no doubt a mistake on the part of the defendants, was calculated naturally to mislead the plaintiff's counsel; and that, therefore, the motion cannot properly be heard at this term. And the court called the attention of the bar to the habit of not dating such notices, as in this case the date can only be ascertained from the caption and the service. But as the mistake in this notice was, no doubt, through inadvertence, the court was disposed to allow a motion for a continuance of the case, in order that the motion can be made and heard, unless the plaintiff's counsel would waive the time. This the counsel decided to do, rather than have the case continued until next term. The court then proceeded to give its judgment orally upon the motion, having carefully considered the same, and said:

Motions of this character are allowed, because, when an appeal is perfected, the Circuit Court loses its jurisdiction, and cannot hear a motion for a new trial on newly discovered evidence. As this court cannot do so, inasmuch as the motion involves questions of fact, it is customary to suspend the appeal and remand the case to the Circuit Court, to allow the motion to be made in that court. But before this court will do so, it has been decided in several cases that the moving party must make a *prima facie* showing. Counsel for plaintiff was in error in supposing, as stated in his argument, that the moving party must show such facts to this court as would be sufficient to sustain his motion in the Circuit Court for a new trial. This

court has laid down the principle that only a *prima facie* showing should be made here, and the judgment of this court should not influence the decision of the Circuit Court on the motion for a new trial in the slightest degree. In this case, such a *prima facie* showing has been made to this court, and the motion should be granted.

The court accordingly made the following order, December 2, 1892,

PER CURIAM. A motion having been made in this cause, by the attorneys for appellants, asking that an order be made allowing the appellants to move for a new trial in the Circuit Court, on the ground of newly discovered evidence, and suspending the appeal without prejudice until such motion can be made, and a *prima facie* showing having been made. *It is ordered*, that the motion be granted and the cause remanded to the Circuit, for the purpose of allowing said motion to be made; and that the appeal be suspended until said motion can be made and this court notified of the result. This order is made without prejudice to either party, and without the intention, on the part of this court, to express any opinion whatever as to whether said motion shall be granted or not, that being a matter exclusively for the Circut Judge.